# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JACK M. LEE,

    Plaintiff,

v.                                       Case No: 8:13-cv-2239-T-30EAJ

EQUITY PROPERTIES ASSET
MANAGEMENT, INC., EQUITY
PROPERTIES ASSET MANAGEMENT,
INC. DEFINED BENEFIT PENSION
PLAN and JACQUELINE S. CHANG,

    Defendants.

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Set Aside Plan Administrator's Decision on Remand (Dkt. 171), and Defendants' Motion to Strike or, Alternatively, Response in Opposition (Dkt. 177). The Court has carefully reviewed the case file, in particular this Court's previous summary judgment order (Dkt. 160) and the Plan Administrator's Decision on Remand (See Dkt. 170). The Court concludes that the Plan Administrator has grossly misapplied this Court's summary judgment order, which remanded the case to the Plan Administrator with specific instructions on how to recalculate Plaintiff's benefits under Defendant EPAM's Pension Plan.

Specifically, in that order the Court identified that the "central issue in this case is whether Lee fits the description of "Male direct owners" and is therefore entitled to the highest benefit percentage of 10.5%." (Dkt. 160, p. 6). The Court first found as a matter of

irrefutable fact that Lee did file a timely claim for benefits. Then the Court answered the dispositive question in the affirmative, holding that "Lee 'fit the description' of 'Male direct owners' at the time of his termination date, April 10, 2012," which entitled him to benefits under the plan at the higher Class B rate. (See id. at 25). In decretal paragraph four, the Court gave specific instructions: "Plaintiff's claim for benefits under the EPAM Defined Benefit Pension Plan is **REMANDED** to the plan administrator for reconsideration consistent with this Order. In particular, the plan administrator shall recalculate Plaintiff's benefits taking into account his status as a 'Male direct owner' and Class B employee as of April 10, 2012." (Id. at 36) (emphasis in original).

And yet the Plan Administrator's decision on remand elected to "undertake further research to establish the exact timeline relative to your employment, discharge and exercise of the option." In doing so, the Plan Administrator concluded the Lee was "not an owner and therefore could only be categorized as a Class C Employee." (Dkt. 170, p. 2). This conclusion is patently inconsistent with this Court's summary judgment and will be set aside. The Plan Administrator, as a defendant in this case, is further admonished to more closely heed all of the Court's orders.

It is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Set Aside Plan Administrator's Decision on Remand (Dkt. 171) is GRANTED.

2. Defendants' Motion to Strike (Dkt. 177) is DENIED.

3. Plaintiff's claim for benefits under the EPAM Defined Benefit Pension Plan is REMANDED to the Plan Administrator for recalculation consistent with

      this Order and the Court's previous summary judgment order (Dkt. 160). In particular, the Plan Administrator *will* recalculate Plaintiff's benefits as a "Male direct owner" and Class B employee as of April 10, 2012.

4. The case is STAYED pending reconsideration by the plan administrator. The parties shall file a joint status report on or before August 16, 2016 and every ninety (90) days thereafter. If the parties reach a settlement, they shall file a notice of settlement immediately. Failure to file timely status reports will result in the dismissal of the action without further notice.

5. The Clerk is directed to administratively CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of May, 2016.

                                              JAMES S. MOODY, JR.
                                              UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record