# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JACK M. LEE,

    Plaintiff,

v.                                                                     Case No: 8:13-cv-2239-T-30AAS

EQUITY PROPERTIES ASSET
MANAGEMENT, INC., EQUITY
PROPERTIES ASSET MANAGEMENT,
INC. DEFINED BENEFIT PENSION
PLAN and JACQUELINE S. CHANG,

    Defendants.

## **ORDER**

THIS CAUSE comes before the Court upon the Mitchell Law Group's Motion for Attorney's Fees (Doc. 223) and Defendants' Motion to Dismiss Mitchell's Motion for Attorney's Fees (Doc. 225). Upon review, the Court will deny both motions.

Mitchell is seeking attorney's fees for his work representing Plaintiff in this action. He filed notice that he was imposing a charging lien and withdrew from representing Plaintiff in fall of 2016. The Parties settled the case in January 2017. Pursuant to the terms of the settlement, the EPAM Pension Plan agreed to pay Plaintiff $230,000 in pension benefits, with each party to bear its own attorney's fees and costs. Shortly thereafter, Plaintiff filed a motion to discharge the charging lien, arguing that ERISA's anti-alienation provision prevented Mitchell from attaching his lien to Plaintiff's pension benefits. The Court granted Plaintiff's motion and discharged the lien on March 7, 2017.

Mitchell then filed the instant motion, arguing that he is entitled to have Defendants pay his attorney's fees. He argues that the Court can award him fees pursuant to ERISA's fee provision, which states that "the court in its discretion may allow a reasonable attorney's fee and costs . . . to either party." 29 U.S.C. § 1132(g). Mitchell is not a party to this lawsuit; Plaintiff is. Although Plaintiff had the right to seek an award of fees, there is no evidence that he assigned this right to Mitchell. Furthermore, Plaintiff waived his right to have Defendants pay his attorney's fees as part of the settlement they negotiated (and have since executed).

The Court sees no basis for Mitchell to seek fees outside of the context of a charging lien. And, as discussed in the Court's orders dated March 7, 2017 (Doc. 216) and April 20, 2017 (Doc. 224), there are no proceeds in this case to which a lien can attach.

Nor does the Court see any basis for finding that Defendants are liable to pay Mitchell's fees because he provided notice of a charging lien before the Parties settled. The Florida appellate case cited by Mitchell, *Brown v. Vermont Mutual Insurance Co.*, is inapposite. Although the court in that case held that an insurer can be found jointly and severally liable to pay an attorney's fees after it settled with the insured, the court did so under a very different legal context. *See Brown v. Vermont Mut. Ins. Co.*, 614 So. 2d 574, 576 (Fla. Dist. Ct. App. 1993) (noting that Florida state law "is well settled that . . . the insurer's settlement and payment to the insured ordinarily does not relieve the insurer of the obligation to pay an attorney's fee pursuant to section 627.428 [of the Florida Statutes]").

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1. The Mitchell Law Group's Motion for Attorney's Fees (Doc. 223) is denied.

2. Defendants' Motion to Dismiss Mitchell's Motion for Attorney's Fees (Doc. 225) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, on May 1st, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record